# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | No. 3:04-cr-00013 |
| ) | Judge Nixon |
| ) | |
| WALTER JOHN BONIN, JR. ) | |
| ) | |

## ORDER

On April 3, 2009, Defendant Walter John Bonin, Jr. pled guilty to one count of making threats of personal injury through interstate commerce with the intent to extort money, in violation of 18 U.S.C. § 875(b). (Doc. No. 54 at 8.) The Court subsequently sentenced him to imprisonment for time served and three years of supervised release with special conditions. (Doc. No. 58.)

Mr. Bonin has now filed a Motion for Early Termination of Supervised Release ("Motion"). (Doc. No. 62.) Mr. Bonin's Motion admits that his Probation Officer does not recommend early termination of the supervised release. (*Id.* at 1.) Nonetheless, Mr. Bonin seeks to terminate his supervision early because he has fully complied with its terms. (*Id.*) Mr. Bonin asserts that "he has demonstrated a return to law-abiding status, and accordingly, early termination is appropriate." (*Id.* at 2.)

The United States filed a Response in opposition to the Motion. (Doc. No. 63.) The United States confirms that Mr. Bonin has been complying with the terms of his supervised release but argues that Mr. Bonin's success while under supervision in fact supports

1

continuation of supervised release. (*Id.* at 1.) The United States opposes early termination "[b]ecause of the nature of defendant's criminal conduct, concerns about the danger that the defendant has posed to others in the past, the threats that he made concerning the magistrate judge and other officials in the Western District of Louisiana, and the need to continue monitoring the emotional health of the defendant." (*Id.*)

A court may terminate supervised release at any time after the expiration of one year of supervision. 18 U.S.C. § 3583(e)(1). The court must be satisfied that early termination is warranted by the conduct of the defendant and the interest of justice. *Id.* The court must consider a host of factors, the most relevant of which are (1) the nature and circumstances of the offense and the history and character of the defendant; (2) adequate deterrence to criminal conduct; (3) protection of the public from further crimes of the defendant; and (4) the kinds of sentence and sentencing ranges available when the defendant was sentenced. *Id.*; 18 U.S.C. § 3553(a).

Having considered the applicable factors, as well as the recommendation of Mr. Bonin's Probation Officer, the Court finds that early termination of Mr. Bonin's supervised release is not warranted at this time. The Court was required to consider the same factors in imposing Mr. Bonin's sentence and ultimately sentenced Mr. Bonin below the recommended sentencing guidelines with the condition and understanding that the concerns underlying the factors would be satisfied by three years supervised release. The violent nature and circumstances of Mr. Bonin's offense and subsequent conduct toward court officials, continuing deterrence of future crime, and protection of the public weigh against early termination of his supervised release. The Court agrees with the United States that it is in both Mr. Bonin's and the public's best

interest for him to serve the remaining months of his supervised release. For these reasons, Mr. Bonin's Motion is **DENIED**.

It is so ORDERED.

Entered this the ____13th____ day of October, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT